UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ESTATE OF KHALIL FARHAT,**
*et al.*,

    *Plaintiffs*,

v.

**ISLAMIC REPUBLIC OF IRAN**
*et al.*,

    *Defendants*.

Case No. 1:19-cv-3631-RCL

### ORDER

Many cases have come before this Court arising from the October 1983 bombing of the United States Marine barracks in Beirut, Lebanon. This case involves the death of Ahmad Khalil Farhat and the injuries of Hisham Jaber, both of whom were U.S. contractors present at the bombing. Am. Compl. ¶¶ 11–18, ECF No. 7. The remaining plaintiffs are these contractors' family members, all of whom are Lebanese citizens. *Id.* They sued Iran and the Ministry of Information and Security ("MOIS") under the Foreign Sovereign Immunities Act ("FSIA").

Plaintiffs have asserted claims under 28 U.S.C. § 1605A(c)'s private cause of action or, in the alternative, D.C. or Lebanese law. *See id.* ¶¶ 8–9. This private cause of action applies only to: (1) "a national of the United States"; (2) "a member of the armed forces"; (3) an employee or contractor of the U.S. government acting within the scope of his employment; or (4) the legal representative of an individual in those three categories. 28 U.S.C. § 1605A(c). The two contractors—Farhat and Jaber—may be able to assert claims based on their status as contractors. But none of the remaining plaintiffs fall within those categories. They are Lebanese nationals whose injuries stem wholly from their familial connections to Farhat and Jaber. *See* Am. Compl.

1

¶¶ 11–18. Because they do not meet § 1605A(c)'s requirements, these plaintiffs may pursue claims only under applicable state or foreign law. *Est. of Doe v. Islamic Republic of Iran*, 808 F. Supp. 2d 1, 17–19 (D.D.C. 2011).

Courts in this District frequently apply the law of the plaintiffs' domicile to non-U.S. national family members' claims. *See, e.g., Borochov v. Islamic Republic of Iran*, No. 1:19-cv-2855 (TNM), 2022 WL 656168, at *12–15 (D.D.C. Mar. 4, 2022); *Henkin v. Islamic Republic of Iran*, 18-cv-1273, 2021 WL 2914036, at *5–13 (D.D.C. July 12, 2021); *Est. of Botvin ex rel. Ellis v. Islamic Republic of Iran*, 684 F. Supp. 2d 34, 39–42 (D.D.C. 2010). But in their motion for default judgment, plaintiffs have not argued whether D.C. or Lebanese law should apply to these family members' claims. They have not pointed the Court toward relevant provisions of D.C. or Lebanese law that the Court could potentially apply. Nor have they provided evidence of Lebanese law that could establish plaintiffs' right to relief. Without any argument on these issues and without evidence of Lebanese law, the Court cannot assess whether plaintiffs are entitled to a judgment in their favor.

It is therefore **ORDERED** that plaintiffs' motion [24] for default judgment is **DENIED WITHOUT PREJUDICE**, with leave to supplement and refile their motion to address these issues.

It is **SO ORDERED**.

Date: July 11, 2022

Royce C. Lamberth
United States District Judge